# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RYAN PAUL SINGH, :
:
    Petitioner, :
:
v. : No. 4:18-CV-1171
:
KEVIN KAUFFMAN, : (Judge Brann)
:
    Respondent. :

## MEMORANDUM OPINION

### JUNE 15, 2018

## I. BACKGROUND

Ryan Paul Singh, an inmate presently confined at the State Correctional Institution, Huntingdon, Pennsylvania (SCI-Huntingdon), initiated this *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. The required filing fee has been paid. Named as Respondent is SCI-Huntingdon Superintendent Kevin Kauffman. Service of the Petition has not yet been ordered.

According to the petition and supporting exhibits, Petitioner plead guilty to multiple criminal offenses in the Court of Common Pleas of Lancaster County, Pennsylvania. *See* Doc. 1, pp. 47- 54. Singh was thereafter sentenced to a seven (7) to fourteen (14) year term of imprisonment. *See id.* at p. 54. Petitioner's pending action claims entitlement to federal habeas corpus relief on the grounds

that his present sentence is illegal.  As relief, Singh seeks his immediate release.  *See id.* at p. 14.

## II.  DISCUSSION

A § 2254 habeas corpus petition may be filed in the district where the applicant is confined or in the district where he was convicted.  *Fletcher v. Rozum*, 2008 WL 2609826 * 2  (E.D. Pa. 2008).  28 U.S.C. § 2241(d) provides:

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Petitioner is attacking the legality of a guilty plea and sentence which were entered in the Court of Common Pleas of Lancaster County, which is located within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.  *See* 28 U.S.C. § 118(a).

As noted above, under § 2241(d), the district court for the district in which a habeas petition is filed "in the exercise of its discretion and in furtherance of justice may transfer the application."  Moreover, 28 U.S.C. § 1404(a) states, "[f]or the

convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A district court may transfer a habeas petition pursuant to § 1404(a). *See In re Nwanze*, 242 F.3d 521, 526, n. 2 (3d Cir. 2001)(§ 1404(a) applies to transfers of habeas corpus petitions); *Fletcher*, 2008 WL 2609826 at * 2.

The state trial court, as well as any records, counsel, and other witnesses, are located within the Eastern District of Pennsylvania. As such, it would be prudent to transfer this action to that court.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge